# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| JOHN WORMAN, | ) |
| Petitioner, | ) |
| v. | ) Case Nos 18-cv-1144-JES |
| STEVE KALLIS, Warden, | ) |
| Respondent. | ) |

## ORDER AND OPINION

Now before the Court is Petitioner John Worman's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 6).[1] Worman is currently incarcerated in the Pekin Federal Correctional Institution in Pekin, Illinois. He seeks to collaterally challenge his sentence in light of the Supreme Court's decision in *Dean v. United States,* 137 S.Ct. 1170 (2017). For the reasons set forth below, Worman's Amended Petition (Doc. 6) is DENIED.

### BACKGROUND

Following a jury trial in the District Court for the Northern District of Iowa, Worman was convicted of mailing non-mailable matter in violation of 18 U.S.C. § 1716 (Count 1); possession of a destructive device in violation of 26 U.S.C. § 5861(d) (Count 2); transportation of a destructive device in violation of 18 U.S.C. § 844(d) (Count 3); possession and using a destructive device in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(b)(ii) (Count 4). *See United States v. Worman,* Case. No. 08-cr-3012-1 (N.D. Iowa). Pursuant to § 924(c)(1)(B)(ii), Petitioner was subject to a mandatory minimum sentence of 360

---

[1] Citations to documents filed in this case are styled as "Doc. __."

1

months' imprisonment on Count 4 that must be served consecutively to any sentence imposed for the other counts of conviction. The district court initially sentenced Worman to one month imprisonment on each of Counts 1, 2, and 3, to be served concurrently, as well as the mandatory 360 months' imprisonment on Count 4, to be served consecutively, for a total of 361 months' imprisonment. *See United States v. Worman*, 622 F.3d 969, 974 (8th Cir. 2010).

Worman appealed his conviction on several grounds, all of which were affirmed by the Eighth Circuit. *Id*. at 974-78. The United States cross-appealed, challenging the sentence of one month imprisonment for the first three counts. *Id*. at 978. The Eighth Circuit remanded the case for resentencing, finding that the district court had properly calculated the advisory guidelines range of 168 to 210 months for the first three counts, but had improperly relied on the severity of the mandatory consecutive minimum sentence on Count 4 when varying downward by 167 months. *Id.*

In December 2011, the district court resentenced Worman to concurrent sentences of 168 months' imprisonment on Counts 1, 2, and 3, and a mandatory consecutive sentence of 360 months' imprisonment on Count 4, for a total sentence of 528 months' imprisonment. *See Worman*, No. CR 08-3012-MWB, Amended Judgment, d/e 136; Resp. App. 10-15 (Doc. 11-1). Worman did not appeal the amended judgment.

In June 2016, Worman filed his initial Motion under 28 U.S.C. § 2255, seeking to challenge his conviction on Count 4 under 18 U.S.C. § 924(c) in light of the United States Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2016). The district court found *Johnson*'s holding that the residual clause of 18 U.S.C. § 924(e) was unconstitutionally vague did not apply to Worman's conviction under § 924(c). Accordingly, the district court

dismissed the Motion as untimely. *Worman v. United States,* No. 16-cv-3077 (N.D. Iowa Feb. 27, 2017).

In January 2018, Worman requested permission from the Eighth Circuit to file a second or subsequent motion for § 2255 relief based on *Dean v. United States*, 137 S.Ct. 1170 (2017). *See Worman v. United States*, No. 18-cv-1068 (8th Cir.). His request was denied on March 28, 2018. *Id.*

Worman filed this Amended Petition (Doc. 6) in April 2018. He is seeking to vacate his sentence in light of *Dean v. United States*, 137 S.Ct. 1170 (2017), which held that a sentencing court can consider the mandatory minimum sentence under 18 U.S.C. § 924(c) when choosing a just sentence for the predicate count. *Id.* at 1177. Respondent filed his response (Doc. 11) in July 2018, and Worman filed a reply in August 2018. This Order follows.

## LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically,

3

only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

## DISCUSSION

Worman's Amended Petition relies on *Dean v. United States*, 137 S.Ct. 1170 (2017). *Dean* held that a sentencing court can consider the mandatory minimum sentence under 18 U.S.C. § 924(c) when choosing a just sentence for the predicate count. In crafting Worman's initial sentence, the sentencing court did consider the mandatory minimum sentence under § 924(c), and determined that a just sentence for the predicate counts would be only one month, for a total imprisonment sentence of 361 months. Pre-*Dean*, however, the Eighth Circuit had reached the opposite conclusion—that a sentencing court could *not* consider the minimum sentence under § 924(c)—and found that the district court had abused its discretion. On remand, Worman was resentenced to an additional 167 months' imprisonment due to what we now know was the Eighth Circuit's erroneous interpretation of the district court's sentencing discretion. However, that an error was made, does not mean the error is corrigible in collateral review. Here, Worman's claim cannot proceed under the § 2255(e) savings clause because *Dean* is not retroactive.

A new rule is only retroactive to cases on collateral review in limited circumstances. Substantive rules, rules that "alter[ ] the range of conduct or the class of persons that the law punishes" or "narrow the scope of a criminal statute by interpreting its terms," generally apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." *Schriro v. Summerlin*, 542 U.S. 348, 352-53, 124 S. Ct. 2519, 2522–23 (2004) (*citing Bousley v. United States,* 523 U.S. 614, 620*,* 118 S.Ct. 1604 (1990); *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298 (1974)). On the other hand, "rules that regulate only the manner of determining the defendant's culpability are procedural" and generally do not apply retroactively, unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 352-53 (*citing Teague v. Lane*, 489 U.S. 288, 311, 109 S.Ct. 1060 (1989)).

*Dean* is not a substantive rule. *Dean* does not leave Worman convicted of an act that the law does not make criminal, nor is Worman facing a punishment that the law cannot impose on him. *Dean* does not narrow the scope of the criminal statute, but rather clarifies the amount of discretion a district court judge can exercise when crafting a sentence. Accordingly, this Court agrees with the other courts that have reached this issue and finds that *Dean* is not retroactive. *See, e.g. Gunn v. United States*, No. 18-CV-1114, 2018 WL 3078741, at *6 (C.D. Ill. June 21, 2018) (finding *Dean* is not retroactive as "*Dean* does not compel courts to do anything"); *Tomkins v. United States*, No. 16-CV-7073, 2018 WL 1911805, at *19–20 (N.D. Ill. Apr. 23, 2018) (finding *Dean* was not retroactive on collateral review, and collecting "a couple dozen cases" that had addressed the issue all holding that *Dean* was not retroactive); *Reed v. United States*, 2018 WL 453745, at *2 (N.D. Ill. Jan. 16, 2018) (finding that *Dean* does not apply

5

retroactively to case on collateral review); *United States v. Dawson*, 300 F.Supp.3d 1207, 1214 (D. Or. 2018) (concluding that *Dean* does not apply retroactively because the case "was about a sentencing judge's discretion, which is a procedural concern.").

In reply, Worman argues that this result cannot be reconciled with the analysis in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). In *Davenport*, petitioner Nichols argued that he was entitled to relief in light of *Bailey v. United States*, 516 U.S. 137 (1995), which held that use of a firearm under § 924(c) did not include mere possession. *Davenport*, 147 F.3d at 610. *Bailey* did not overrule any previous Supreme Court precedent, but was contrary to the law of the Seventh Circuit at the time of Nichols' conviction, direct appeal, and initial § 2255 Motion. *Id.* Worman argues that *Davenport* "did not view the *Bailey* claim as a retroactivity question." Reply at 5 (Doc. 16-1). Worman misreads *Davenport*. The Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998), had already held that *Bailey* was applicable retroactively. *Davenport's* reasoning expressly relied on the fact that "Nichols never had a reasonable chance to correct an error that is corrigible *retroactively*." *Id.* at 611 (emphasis added).

*Davenport* stated that "[*Teague*] is inapplicable to the situation in which this Court decides the meaning of a criminal statute enacted by Congress." *Id.* at 611 (*quoting Bousley*, 523 U.S. at 620). However, this does not mean that *all* statutory decisions apply retroactively. On the contrary, *Bousley's* holding that *Bailey* was retroactive was premised on its conclusion that "decisions of [the Supreme] Court holding that a substantive federal criminal statute does not reach certain conduct, like decisions placing conduct 'beyond the power of the criminal law-making authority to proscribe,' necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" *Bousley,* 523 U.S. at 620-21 (*quoting*

*Teague,* 489 U.S. at 311, *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298 (1974)). *Bailey*, by limiting the scope of what conduct was criminal under § 924(c), was such a decision. *Dean,* which only clarified a judge's discretion when choosing a sentence within the statutory range, was not such a decision. Accordingly, the Court finds that Worman's claim cannot proceed under the § 2255(e) savings clause.

## CONCLUSION

For the reasons set forth above, Petitioner John Worman's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 6) is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2255(e).

This matter is now CLOSED. Member Case No. 18-cv-1175-JES is also CLOSED.

Signed on this 2nd day of May, 2019.

*s/ James E. Shadid*
James E. Shadid
United States District Judge